UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Charles Graham,

    Petitioner,

v.

USP-McCreary, et al.,

    Respondents.

Case No. 22-cv-1041 (WMW/DTS)

**REPORT AND RECOMMENDATION**

This case is the latest attempt of petitioner William Charles Graham to collaterally attack his federal conviction and sentence through a petition for a writ of habeas corpus. The Court lacks jurisdiction over the petition, which should therefore be summarily dismissed without prejudice.

There are more than two problems with Graham's petition, but only two problems are worth mentioning. First, the proper venue for a habeas petition is the district in which the prisoner is detained. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Graham's detention is currently being carried out at a prison in Kentucky, not a prison in Minnesota. Second, 28 U.S.C. § 2255(e) flatly bars federal prisoners from challenging their conviction or sentence through a petition for a writ of habeas corpus unless the alternative remedial scheme provided by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. There is absolutely no reason to believe from the documents submitted by Graham that § 2255 is "inadequate or ineffective" within the meaning of § 2255(e) in Graham's case — Graham, in fact, demurs in his habeas petition from even arguing such a reason exists. *See* Petition at 9 (responding "n/a" to question regarding why remedy offered by § 2255 is inadequate or ineffective). Indeed,

Graham's § 2255 proceedings remain ongoing at this time, and each of Graham's habeas claims appear to have been raised as part of those proceedings. *See generally United States v. Graham*, No. 19-CR-0185 (2) (SRN/KMM) (D. Minn.).

This Court suspects that the two problems are related. Graham has filed eight habeas petitions in the United States District Court for the Eastern District of Kentucky over a span of only a few months. *See Graham v. Gilley*, Civil Action No. 22-62-DLB, 2022 WL 1049303, at *1 (E.D. Ky. Apr. 7, 2022) (discussing procedural history); *Graham v. Gilley*, Civil Action No. 22-83-WOB (E.D. Ky. filed Apr. 14, 2022). Many, if not all, of these habeas petitions have amounted to collateral attacks on Graham's criminal proceedings that are foreclosed by § 2255(e). Reasonably frustrated by the volume, repetitiveness, and frivolity of Graham's filings, the Eastern District of Kentucky has recently ordered Graham to show cause "why sanctions should not be imposed for his seemingly endless and repetitive filing of frivolous petitions." *See Graham*, 2022 WL 1049303, at *2. The sanctions now being contemplated by that court include restrictions on Graham's ability to initiate new litigation in that district absent authorization of the chief judge of that court. *Id.*

That Graham has seemingly worn out his welcome in the Eastern District of Kentucky should not be interpreted by him as an invitation to begin filing frivolous habeas petitions here. Exceptions to the exclusive-remedy provision of § 2255(e) are extraordinarily narrow, *see Jones v. Hendrix*, 8 F.4th 683, 687-89 (8th Cir. 2021), and Graham has not made even a colorable effort to establish that his case falls within one of those narrow exceptions. Section 2255(e) therefore acts as a jurisdictional bar to consideration of the merits of Graham's habeas claims attacking his conviction or

sentence. *See Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004). And even if Graham were to fit his case within one of the narrow exceptions of § 2255(e), this District would remain an inappropriate venue for Graham to present his claim unless and until Graham comes to be detained in this District.

Because § 2255(e) precludes the Court from exercising jurisdiction over Graham's petition, it is recommended that this matter be dismissed without prejudice. Graham is warned that the continued filing of frivolous litigation in this District may result in the imposition of filing restrictions in this District similar to the restrictions against him now being contemplated in the Eastern District of Kentucky

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: April 28, 2022               s/David T. Schultz
                                                              DAVID T. SCHULTZ
                                                              U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).